IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM PLUMMER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 1:25-cv-127** |
| **v.** | ) | |
| | ) | |
| **LISA BAIRD, DOCTOR and ROSSMAN, NURSE,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Plaintiff William Plummer is an inmate at the State Correctional Institution in Albion ("SCI- Albion") who initiated this *pro se* Section 1983 lawsuit[1] against Dr. Lisa Baird and CRNP Natalie Rossman, based on medical services he received during his confinement. In his complaint, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff faults Dr. Baird for deciding, on November 21, 2024, to defer a neurosurgical consult that had been recommended by the prison's physical therapist. Plaintiff faults CRNP Rossman for failing to prescribe or adjust his pain medications on December 17, 2024, despite his reported complaints of severe chronic lower back pain. The case was referred to then Chief United States Magistrate Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On February 19, 2026, Defendants filed a motion for summary judgment relative to Plaintiff's Eighth Amendment claims. *See* ECF No. 30. The motion was fully briefed and is now ripe for resolution. *See* ECF Nos. 31, 32, 48, 49, 50.

---

[1] *See* 42 U.S.C. §1983.

On August 7, 2026, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he opined that Defendants' motion for summary judgment should be granted. Upon a review of the evidentiary record, Judge Lanzillo concluded that the evidence could not support a reasonable finding of deliberate indifference on the part of either Defendant.

On September 23, 2026, the Court received Plaintiff's objections, which were timely filed pursuant to the prisoner "mailbox rule."[2] *See* ECF No. [58]. Having reviewed those objections *de novo*, the Court finds no merit in them.

(i)

Plaintiff first argues that the Magistrate Judge erred in concluding that Dr. Baird's deferral of a neurosurgical consult was as an exercise of "professional judgment," as opposed to Dr. Baird simply choosing "an easier [and] less efficacious treatment." ECF No. 58 at 2. To that end, Plaintiff reiterates his assertion that Dr. Baird was deliberately indifferent to his serious medical needs when she "ignored" a recommendation by Louis Iafrate, DPT that Plaintiff be evaluated by a neurosurgeon based on his declining strength and mobility and a prior MRI report that showed nerve root compression. *Id.* at 1. Plaintiff contends that Dr. Baird was aware of his medical problems but "ignored all previous medical records" and instead "relied on false reports by Dr. Kocan . . . [and] Dr. Leone." *Id.* at 3.

This line of argument lacks merit for several reasons. For one, the record does not support Plaintiff's conclusory assertions that Dr. Leone's report was "deliberately false" or that Dr. Baird "knew" it to be false when making her own treatment decisions. *See* ECF No. 58 at 3. Nor does the record show that Dr. Baird was deliberately indifferent to Plaintiff when she considered Dr. Kocan's findings. On the contrary, the record shows that Dr. Baird was

[2] *See Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.") (citation omitted).

concerned about the accuracy of Dr. Kocan's September 14, 2023 MRI report and, to that end, she requested a re-reading of that particular study. Notably, Dr. Leone indicated in his September 17, 2024 report that, in evaluating Plaintiff's condition, he had personally reviewed both the imaging from Dr. Kocan's 2023 study as well as thoracic and lumbar images that had been taken in 2018. *See* ECF No. 58-2 at 6. In short, nothing in the current record suggests that Dr. Baird acted with deliberate indifference toward Plaintiff's needs to the extent she considered the reports of Dr. Leone and/or Dr. Kocan.

Additionally, the record does not support a finding of deliberate indifference regarding Dr. Baird's fundamental decision to defer a neurosurgical consult. Rather, as Judge Lanzillo correctly observed, the evidence shows only that Dr. Baird prioritized the need to first obtain the results Plaintiff's genetic tests in assessing the appropriate course of treatment, instead of immediately undertaking a potentially invasive workup. To the extent that Dr. Baird relied on the contemporaneous recommendation of Dr. Leone, a board-certified neurologist, in this regard over the recommendation of Dr. Iafrate, a physical therapist, the Court agrees with Judge Lanzillo's view that Dr. Baird's decision merely reflects an exercise of her own medical judgment, as opposed to an act of deliberate indifference.

In his objections, Plaintiff reiterates that his family hired Dr. Angelo Karakasis, a chiropractor, to review his MRI images, and that Dr. Karakasis considered Dr. Kocan's MRI report to be inaccurate. *See* ECF No. 48-5. It appears that Dr. Karakasis rendered his findings in November of 2025, *see id.;* therefore, this portion of Plaintiff's medical history postdates Dr. Baird's conduct and could not have informed her treatment decision. But even if Dr. Karakasis' findings are accepted at face value, the Court agrees with Judge Lanzillo that this evidence does not create a genuinely disputed issue of material fact concerning "deliberate indifference." As

Judge Lanzillo correctly noted, Dr. Karakasis' findings do not negate Dr. Baird's exercise of professional judgment and, even if they could support an inference of negligence, that would not be enough to establish a viable Eighth Amendment claim.

Plaintiff also contends that "prison officials" engaged in "systemic deliberate indifference" and "a system of lies . . . to cover up their deliberate indifference toward [his] medical needs." ECF No. 58 at 2. He posits that it was only after he filed a lawsuit over medical treatment that Dr. Kocan issued his September 14, 2023 MRI report, finding "No evidence of foraminal stenosis/No abnormal enhancement seen [and] no foraminal narrowing," in contradiction to prior imaging. ECF No. 58 at 2. Plaintiff also points to a recommendation by Dr. Carson Wright in 2025 that he receive a neurosurgical consult. Apparently, this recommendation was initially approved but then later discontinued by Dr. Allen Budek on the grounds that neurosurgery was too expensive. ECF No. 58 at 3.

Again, even accepting Plaintiff's assertions at face value, they do nothing to support an Eighth Amendment claim against Dr. Baird. To establish a defendant's personal liability under Section 1983, a claimant must point to that defendant's own personal involvement in the alleged wrongdoing. *See Rode v. Dellaciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Absent a plausible claim of conspiracy -- which is not present here, the actions of other prison officials or treatment providers at other times have no evidentiary relevance to Plaintiff's claim against Dr. Baird.

(ii)

Plaintiff next objects to Judge Lanzillo's determination that the record does not support a finding of deliberate indifference on the part of CRNP Rossman. Here, Plaintiff essentially reasserts his claim that CRNP Rossman displayed deliberate indifference on December 17, 2024, when she declined to alter Plaintiff's medication regimen, despite Plaintiff's insistence that

Baclofen was ineffective in treating his chronic lower back pain. Plaintiff contends that CRNP Rossman ignored his complaints when she should have prescribed more effective pain medication or at least placed him on the list to see the prison doctor.

While the Court can certainly appreciate Plaintiff's frustration with his ongoing pain, it cannot agree that the medical evidence supports a finding of deliberate indifference. Instead, the record shows that CRNP Rossman merely opted for a conservative approach to Plaintiff's complaints in light of his then-existing course of treatment. As Judge Lanzillo observed, CRNP Rossman did not disregard Plaintiff's reports but instead considered the fact that Plaintiff was undergoing genetic tests for hereditary spastic paraplegia, the results of which might potentially alter his treatment. (As it later turned out, the results of Plaintiff's genetic testing were positive.) In light of this contingency, CRNP Rossman kept Plaintiff's existing Baclofen prescription in place and directed him to submit a call slip if his pain persisted. Even if Plaintiff could demonstrate that this decision involved negligence, that would not suffice to establish an Eighth Amendment violation.

(iii)

For the reasons discussed, the Court finds no merit in Plaintiff's objections. Accordingly, after *de novo* review of the documents in the case, including the complaint, the Defendants' motion for summary judgment and all related filings, the Report and Recommendation, and Plaintiff's objections thereto,

IT IS ORDERED, this 10th day of November 2026, that the Defendants' motion for summary judgment, ECF No. [30], is GRANTED as to Plaintiff's Eighth Amendment claims against the Defendants.

IT IS FURTHER ORDERED that the Report and Recommendation issued by former Chief U.S. Magistrate Judge Lanzillo on August 7, 2026, ECF No. [52], is adopted as the opinion of this Court, and Plaintiff's objections to the Report and Recommendation, ECF No. [58] are OVERRULED.

There being no additional claims pending before the Court in this civil action, the Clerk is directed to mark this case "CLOSED."

Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge